CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
OCT - 1 2012
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 4:05-cr-00011 |
| v. | § 2255 MEMORANDUM OPINION |
| WILLIE JUNIOR MCCAIN,<br>Petitioner. | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Willie Junior McCain, a federal prisoner proceeding pro se, filed a "Petition for a Writ of Habeas Corpus Pursuant to the All Writs Act" to accelerate his release from federal custody pursuant to his June 26, 2006, criminal judgment. After reviewing the instant petition, I conclude that the "Petition for a Writ of Habeas Corpus Pursuant to the All Writs Act" is appropriately filed and dismissed as a successive 28 U.S.C. § 2255 motion.

The All Writs Act "permits 'courts established by Act of Congress' to issue 'all writs necessary or appropriate in aid of their respective jurisdictions.'" United States v. Denedo, 556 U.S. 904, 911 (2009) (quoting 28 U.S.C. § 1651(a)). The "All Writs Act is a residual source of authority to issue writs that are not otherwise covered by the statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." Carlisle v. United States, 517 U.S. 416, 429 (1996).[1] A court may issue a writ of error coram nobis under the All Writs Act, 28 U.S.C. § 1651(a), to vacate a conviction "only under circumstances compelling such action to achieve justice," where petitioner demonstrates "an error of the most fundamental character" has occurred, and only "where no other remedy [is] available." United States v. Bazuaye, 399 F. App'x 822, 824 (4th Cir. 2010) (quoting United States v. Mandel, 862 F.2d 1067, 1075 (4th Cir. 1988)).

---

[1] Habeas corpus relief, pursuant to 28 U.S.C. § 2241 and § 2254, is not applicable to petitioner's challenge to his federal criminal judgment.

Petitioner argues in the instant petition that he is actually innocent of being an Armed Career Criminal because he did not violently commit a breaking and entering felony, which counted as one of his three prior convictions involving violence. I conclude that the instant petition does not present an extraordinary case warranting relief via the All Writs Act.[2] Petitioner has an alternate remedy via a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255, and a petition for a writ of error coram nobis "may not be used to avoid [28 U.S.C. § 2255]'s gatekeeping requirements," such as having a court of appeals grant leave to file a second § 2255 motion. Obado v. New Jersey, 328 F.3d 716, 718 (3d Cir. 2003). Consequently, I construe the instant petition to be a successive "section 2255 [motion] masquerading as a petition for a writ of error coram nobis." Trenkler v. United States, 536 F.3d 85, 95 (1st Cir. 2008).

I dismissed petitioner's first § 2255 motion with prejudice on April 29, 2008. McCain v. United States, No. 7:07-cv-00301, slip op. at 5 (W.D. Va. Apr. 29, 2008). A district court may consider a second or successive § 2255 motion only upon specific certification from the Fourth Circuit Court of Appeals that the claims in the motion meet certain criteria. See 28 U.S.C. § 2255(h). As petitioner has not submitted any evidence of having obtained certification from the United States Court of Appeals for the Fourth Circuit to file a second or successive § 2255 motion, I dismiss petitioner's construed § 2255 motion without prejudice as successive. Based upon my finding that petitioner has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

---

[2] Cf. Begay v. United States, 553 U.S. 137, 141 (2008) (holding whether a crime is a violent felony depends on how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion); United States v. Davis, 689 F.3d 349, 358 (4th Cir. 2012) (holding that an attempt of breaking and entering qualifies as a violent felony for purposes of the Armed Career Criminal Act).

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to petitioner and to counsel of record for the United States.

ENTER: This 1st day of ~~September~~ October, 2012.

/s/ Jackson L. Kiser
Senior United States District Judge